**Opinion filed August 31, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00382-CR

_____

## LORENZO MIGUEL JENNINGS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR37630**

## M E M O R A N D U M   O P I N I O N

The jury convicted Lorenzo Miguel Jennings of burglary of a habitation and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of sixty years. Appellant challenges his conviction in two issues. We affirm.

### *Background Facts*

Appellant was charged by indictment with entering the habitation of Cindy Lyon without her consent with the intent to commit the offense of assault directed against Heidi

Johnson. Johnson testified that, on the evening of June 23, 2010, she worked until 11:00 p.m. After picking up her two young children, she arrived at The Fountains Apartments at approximately 11:30 p.m. She encountered appellant in the parking lot area below her upstairs apartment. Johnson testified that appellant was her husband and the father of her daughter. Appellant wanted to go upstairs with Johnson, but she refused. An argument ensued between appellant and Johnson that escalated into appellant striking Johnson in the mouth, causing her to bleed.

Johnson attempted to escape from appellant by running, along with her children, into the open apartment door of Lyon, her downstairs neighbor. At the time the incident occurred, Lyon was outside her apartment smoking a cigarette with the front door of her apartment open. She observed the encounter between appellant and Johnson outside her apartment. She testified that appellant was very aggressive and extremely upset toward Johnson. After Johnson and her children ran inside the apartment, Lyon attempted to shut the door of her apartment to keep appellant from following them inside. However, Lyon was unable to prevent appellant from entering the apartment as he pushed his way inside. Lyon testified that appellant pushed her twenty to twenty-five feet into the apartment as he continued his pursuit of Johnson. Appellant subsequently reached over Lyon to grab Johnson at which time he hit Johnson in the mouth.

Lyon's eighteen-year-old son, Jacob, overheard the commotion from his bedroom in Lyon's apartment. He confronted appellant by telling him to leave Lyon's apartment. After appellant reluctantly left the apartment, Jacob went outside to retrieve Johnson's purse and keys. As Jacob leaned over to pick up the purse, appellant struck him in the eye, knocking him unconscious.

<em>Sufficiency of the Evidence</em>

In his first issue, appellant challenges the legal sufficiency of the evidence supporting his conviction. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). In conducting a legal sufficiency review, we are required to defer to the jury's role as the sole judge of witness credibility and the weight their

testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and, therefore, defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13.

Appellant directs his challenge to the sufficiency of the evidence to the element of intent. He contends that the evidence only established that he wanted to talk to Johnson at the time he entered Lyon's apartment. We disagree. For purposes of this appeal, a person commits burglary if, without the effective consent of the owner, he enters a habitation with an intent to commit an assault. TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). Intent to commit a felony, theft, or an assault must exist at the moment of entry or there is no offense under Section 30.02(a)(1). *See DeVaughn v. State*, 749 S.W.2d 62, 65 (Tex. Crim. App. 1988). Mental culpability generally must be inferred from the circumstances under which a prohibited act or omission occurs. *Smith v. State*, 965 S.W.2d 509, 518 (Tex. Crim. App. 1998). A jury may infer intent from any facts that tend to prove its existence, including the acts, words, and conduct of the accused and the method of committing the crime. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002).

The evidence shows that appellant assaulted Johnson prior to her entry into Lyon's apartment. She sought refuge inside the apartment to escape his attack. After ignoring Lyon's objection, appellant pushed her back and struck Johnson again. A rational trier of fact could have found beyond a reasonable doubt that appellant entered Lyon's apartment with the intent to commit an assault upon Johnson. Appellant's first issue is overruled.

*Extraneous Offense*

Appellant argues in his second issue that the trial court erred in admitting evidence of appellant's subsequent assault upon Jacob because it constituted an inadmissible extraneous offense. The State contends that the evidence was properly admitted as same-transaction contextual evidence.

3

Under TEX. R. EVID. 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *De La Paz v. State*, 279 S.W.3d 336, 342–43 (Tex. Crim. App. 2009). The rule excludes only that evidence that is offered solely for the purpose of proving bad character and conduct in conformity with that character. *Id.* at 343. Whether extraneous offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court. *Id.* at 343–44. We review a trial court's ruling on the admissibility of extraneous offenses under an abuse of discretion standard. *Id.* As long as the trial court's ruling is within the "zone of reasonable disagreement," it will be upheld. *Id.*

An exception to Rule 404(b) exists in that extraneous offenses may be admissible as same-transaction contextual evidence when several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction. *Prible v. State*, 175 S.W.3d 724, 731–32 (Tex. Crim. App. 2005). This type of evidence results when an extraneous matter is so intertwined with the State's proof of the charged crime that avoiding reference to it would make the State's case difficult to understand or incomplete. *Id.* at 732. Same-transaction contextual evidence is admissible to show the context in which the criminal act occurred. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). "[E]vents do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that it may realistically evaluate the evidence." *Id.*

The trial court did not abuse its discretion in admitting evidence of the subsequent assault upon Jacob. The testimony indicated that the series of assaults occurred within a very short time frame. Additionally, the assault on Jacob occurred as he was attempting to recover property belonging to Johnson, thus showing a connection to the previous assaults. Accordingly, this evidence was admissible as same-transaction contextual evidence because it provided the jury with information essential to understanding the context and circumstances of blended or interwoven events. *See Camacho v. State*, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993). Furthermore, we disagree with appellant's assertion that a limiting instruction under Rule 404b was required because the instruction is not required for same-transaction contextual

4

evidence.  *See Castaldo v. State*, 78 S.W.3d 345, 352 (Tex. Crim. App. 2002).  Appellant's second issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


August 31, 2012

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill[1]

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.